IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT KURT SCHERER,

    Plaintiff,

    v.

HOME DEPOT U.S.A., INC.,
KRAUSE, INC., and DOES 1-100,

    Defendants.

CIV-S-04-0109 DFL GGH

MEMORANDUM OF OPINION
AND ORDER

    Defendant Home Depot U.S.A., Inc. ("Home Depot") moves for summary adjudication of plaintiff Robert Scherer's fraud by concealment and fraud by misrepresentation claims and his request for punitive damages.  Defendant Krause, Inc. ("Krause") moves for summary judgment on all claims.  For the reasons stated below, Home Depot's motion is GRANTED and Krause's motion is GRANTED in part and DENIED in part.

I.

    Plaintiff alleges that on November 26, 2001, he was injured when the ladder on which he was standing collapsed.  (FAC ¶ 11.) He asserts that the ladder was manufactured by Krause and sold by

1

Home Depot.  (Id. ¶¶ 12-13.)  Plaintiff seeks to recover compensatory and punitive damages from defendants.

Plaintiff asserts the following eight claims in the first amended complaint: (1) design/manufacturing defect; (2) failure to warn; (3) negligence; (4) breach of implied warranty; (5) breach of express warranty; (6) fraud by concealment; (7) fraud by misrepresentation; and (8) violation of the Consumer Product Safety Act ("CASA").  Home Depot moves for summary adjudication on the fraud by concealment and fraud by misrepresentation claims as well as the prayer for punitive damages.  Krause moves for summary judgment on all claims.

## II.  Home Depot's Motion[1]

Home Depot moves for summary judgment on plaintiff's fraud claims and prayer for punitive damages.  Because the law governing fraud claims is the same in California and Texas, the choice of law analysis need go no further. See Marketing West, Inc. v. Sanyo Fischer (USA) Corp., 6 Cal.App.4th 603, 612-613 (1992) (discussing elements of fraud by concealment); In re Siegel, __ S.W.2d __, 2006 WL 358257, at *5 (Tex. App. 2006) (same); Anderson v. Deloitte & Touche, 56 Cal.App.4th 1468, 1474

---

[1] Although the parties do not address it, there is a choice of law issue as to each of the claims because the injury occurred in Texas and the plaintiff is a California resident.  Federal courts located in California use its choice of law rules. Ledesma v. Jack Stewart Produce Inc., 816 F.2d 482, 484 (9th Cir. 1987).  California employs the "governmental interest" test to determine which state's law governs an individual claim.  The court addresses the choice of law issue for each claim in the discussion that follows.

2

(discussing elements of fraud by misrepresentation); <u>Beal Bank v. Schleider</u>, 124 S.W.3d 640, 647 (Tex. App. 2003) (same).[2]

    Home Depot argues that summary judgment is appropriate because plaintiff Scherer has failed to allege, and has no evidence, that any Home Depot employee concealed or misrepresented material facts about the ladder. (HD Mot. at 5-6.) In response, as to the concealment claim, plaintiff seems to argue that Home Depot intentionally concealed design defects in Krause ladders from the public as a whole and from the Consumer Products Safety Commission ("CPSC"). (HD Opp'n at 3-4.) He alleges that Home Depot has instituted a corporate policy to withhold information about the defects in Krause ladders from its sales force and the public. (HD Opp'n at 4.) As evidence, he provides transcripts from the depositions of two former Home Depot merchandise buyers who were deposed by other lawyers in other cases involving Home Depot and Krause "multimatic" ladders. These employees state that Home Depot did not have a policy of informing them if Home Depot received a complaint from a customer

---

[2] To succeed on a fraudulent concealment claim, plaintiff must show that: (1) Home Depot knowingly made a material misrepresentation by concealing a material fact; (2) Home Depot was under a duty to disclose the material fact; (3) Home Depot intentionally withheld this information to induce plaintiff to act; (4) plaintiff relied on the fraud; and (5) was injured as a result. <u>Reynolds v. Murphy</u>, __ S.W.3d __, 2006 WL 300597, at *12 (Tex. App. 2006). To succeed on his fraud by misrepresentation claim, plaintiff must demonstrate that: (1) Home Depot made a false representation of a material fact; (2) Home Depot knew that the fact was false when it made the representation; (3) Home Depot intended to induce reliance on the false fact; (4) plaintiff justifiably relied on the false fact; and (5) plaintiff's reliance caused his injury. <u>Beal Bank</u>, 124 S.W.3d at 647.

3

regarding a Krause ladder and, in fact, did not inform them that Home Depot had received such complaints.  (Englehart Dep. 22:14 - 26:15; Hovis Dep. 58:9 - 61:24.)

Plaintiff also provides a declaration from an individual who claims to be an expert witness.[3]  (Darnell Decl. ¶ 1.)  This witness declares that Home Depot knew that the ladders were defective because one Michael Kauffman wrote a letter in 1995 in which he reported that the Krause Mutimatic ladder deviated from ANSI standards.  (Id. ¶ 8.)  The witness concludes that Home Depot "knew or should have known" about the letter because it "was published in the Heui Mei and other cases."  (Id.)

As to the misrepresentation claim, plaintiff asserts that Home Depot made fraudulent misrepresentations in its general advertising, specific advertising, and product labeling.  (HD Opp'n at 10.)  However, plaintiff provides no evidence to support this assertion.  Instead, plaintiff alleges that Krause made knowing misrepresentations by labeling its ladders as meeting ANSI standards when they did not.  (Id.)  The only reference to Home Depot is an unsupported accusation that "Home Depot on multiple occasions supported [the statements by Krause]" and knew that the ladders did not meet ANSI standards.  (Id.)

Plaintiff's showing is not sufficient to meet his burden of proof on either fraud claim.  Plaintiff does not provide evidence

---

[3] The witness does not state about what he is qualified to testify, and most of his declaration consists of legal conclusions rather than expert opinion.

4

that any Home Depot employee made a material misrepresentation to him or withheld from him material information which the employee was under a duty to disclose. Scherer also fails to show that any agent of Home Depot acted with the intent to defraud. Finally, plaintiff does not show that he relied on any representations from Home Depot. His naked assertions, unsupported by admissible evidence, to the effect that Home Depot had a corporate policy of concealment or misrepresentation are not adequate at this stage of the case to survive summary judgment. Accordingly, Home Depot's motion for summary judgment is GRANTED on the claims of fraud by misrepresentation and fraud by concealment.[4]

Home Depot also moves for summary judgment on Scherer's prayer for punitive damages. Plaintiff asserts that punitive damages are warranted because: (1) Home Depot violated the regulatory provisions of the Consumer Product Safety Act ("CPSA"); (2) "punitive damages are essential to provide an example to retailers"; and (3) "punitive damages are essential to fund a full recall of Krause ladders." (HD Opp'n at 5, 6, 13.)

To succeed on his claim for punitive damages, plaintiff must prove that Home Depot's conduct was malicious, fraudulent, or

---

[4] In a subsequent section of his brief, plaintiff asserts that "Failure to Report Accidents to CPSC is Actionable Concealment Fraud." (HD Opp'n at 6.) Plaintiff cites no law to support this allegation. Moreover, he fails to adduce evidence from which a reasonable jury could find that the Home Depot failed to report accidents to CPSC. As a result, assuming that this is a cognizable theory of fraud, plaintiff cannot succeed on it at trial.

5

grossly negligent.  See Transp. Ins. Co. v. Moriel, 879 S.W.2d 10, 18 (Tex. 1994); Cal Civ. Code § 3294.  Plaintiff presents no evidence indicating that Home Depot acted maliciously, fraudulently, or with gross negligence.  Moreover, the court has found no law authorizing punitive damages for violations of the CPSA and plaintiff has cited none.  Plaintiff has failed to demonstrate that it is possible for him to succeed on a claim for punitive damages at trial.  As a result, Home Depot's motion for summary judgment on the request for punitive damages is GRANTED.

### III.  Krause's Motion for Summary Judgment

A.  Statute of Limitations

Krause asserts that all of plaintiff's claims except his claim for express breach of warranty are barred by Texas's two-year statute of limitations on personal injury actions.[5]  (Krause Mot. at 4.)  Plaintiff argues that the complaint was timely because the discovery rule tolled the accrual of his cause of action until February 2002.  (Krause Opp'n at 3.)

As discussed in a previous order, Texas law governs the limitations period in this action.  (Order of 7/19/2004 at 4.) In Texas, "a defendant moving for summary judgment on the affirmative defense of limitations has the burden to conclusively establish that defense."  KPMG Peat Marwick v. Harrison County Hous. Fin., 988 S.W.2d 746, 748 (Tex. 1999).  "Thus, the

---

[5] The statute of limitations for a breach of express warranty claims under Texas law is four years.  Tex. Bus. & Com. Code Ann. § 2.725.

6

defendant must (1) conclusively prove when the cause of action accrued, and (2) negate the discovery rule, if it applies and has been pleaded or otherwise raised, by proving as a matter of law that there is no genuine issue of material fact about when the plaintiff discovered, or in the exercise of reasonable diligence should have discovered, the nature of its injury." Id.  "If the movant establishes that the statute of limitations bars the action, the nonmovant must then adduce summary judgment proof raising a fact issue in avoidance of the statute of limitations." Id.

In Texas, tort actions accrue "when the legal wrong is completed and the plaintiff becomes entitled to commence her suit." Winters v. Diamond Shamrock Chem. Co., 149 F.3d 387, 402 (5th Cir. 1998). The statute of limitations for personal injury actions in Texas is two years. Tex. Civ. Prac. & Rem. Code § 16.003. Because plaintiff filed the complaint on January 15, 2004, well over two years after the 2001 accident, Krause argues that all of the claims are time-barred except the breach of express warranty claim. (Krause Mot. at 4.)

Plaintiff argues that the discovery rule applies in this case to toll the statute. (Krause Opp'n at 3.) Consequently, Krause must negate tolling to succeed on summary judgment. Under the discovery rule, "the statute of limitations is tolled until the plaintiff discovers, or through the exercise of reasonable care and diligence should have discovered, the nature of her injury." Winters, 149 F.3d at 403. However, the discovery rule

"is not activated unless the plaintiff's injury is inherently undiscoverable." <u>Siebert v. Gen. Motors Corp.</u>, 853 S.W.2d 773, 776 (Tex. App. 1993). In particular, "[b]ecause it addresses only the discovery of the injury, the discovery rule is not applied to toll the statute of limitations until the time that a plaintiff discovers all the elements of his cause of action." <u>Id.</u>

To negate the discovery rule, Krause cites the complaint and plaintiff's deposition testimony to prove that plaintiff discovered his injury on November 26, 2001, the date of the accident. (Krause Mot. at 4.) This is sufficient to shift the burden to plaintiff to show that tolling is appropriate in the circumstances.

Plaintiff fails to meet his burden. He does not even attempt to raise an issue of fact regarding the statute of limitations defense. Instead, he asserts that the discovery rule applies because he did not discover that there was a design defect in the ladder until well after the incident. (Krause Opp'n at 4.) Plaintiff misapprehends the discovery rule. It is the delayed discovery of the injury that triggers tolling in Texas, not the delayed discovery of the culpability of the manufacturer or the mechanism of injury. For this reason, plaintiff's cause of action accrued on November 26, 2001.

It is undisputed that plaintiff filed the complaint more than two years after the cause of action accrued. Therefore, Krause's motion for summary judgment is GRANTED on the following

claims: (1) design/manufacturing defect; (2) failure to warn; (3) negligence; (4) fraud by concealment; (5) fraud by misrepresentation; and (6) violation of the Consumer Product Safety Act ("CPSA").

However, summary judgment is not warranted on limitations grounds for the breach of the implied warranty of merchantability claim. Texas law provides a four year statute of limitations for this type of claim. Garcia v. Texas Instruments, Inc., 610 S.W.2d 456, 465 (Tex. 1980). It is undisputed that plaintiff filed the complaint less than four years after his cause of action accrued. As a result, the breach of implied warranty claim is not time-barred.

B.   Breach of Express and Implied Warranties

Krause asserts that plaintiff cannot succeed on the warranty claims because he is not in privity of contract with Krause and did not give notice to Krause. (Krause Mot. at 4.)

   1.   Express Warranty Claim

Although neither party discusses whether California or Texas law should govern the breach of express warranty claim, there is no need to reach the second step of the choice of law analysis because the laws of both states require the plaintiff to be in privity of contract with the defendant in order to assert this claim. Keith v. Stoelting, Inc., 915 F.2d 996, 999 (5th Cir. 1990); Lujan v. Tampo Manuf. Co., 825 S.W.2d 505, 511 (Tex. App. 1992); see also Note, Is Privity Still Required in a Breach of Express Warranty Cause of Action for Personal Injury Damages?, 43

Baylor L. Rev. 551 (1991); <u>All West Electronics, Inc. v. M-B-W, Inc.</u>, 64 Cal.App.4th 717, 725 (1998) (citing <u>Burr v. Sherwin Williams Co.</u>, 42 Cal.2d 682, 695-96 (1954)).

"Privity" is defined as a mutual or successive relationship to the same rights of property. Black's Law Dictionary (1990). Plaintiff was not in a "successive relationship" because he only borrowed the ladder. As a result, he cannot maintain an action for express breach of warranty under the laws of Texas or California.[6] Krause's motion for summary judgment on this claim is GRANTED.

2. <u>Implied Warranty Claim</u>

California requires privity of contract between plaintiff and defendant to support a claim for breach of an implied warranty. <u>Windham at Carmel Mountain Ranch Assoc. v. Super. Ct.</u>, 109 Cal.App.4th 1162, 1169 (2003). Texas has no such requirement. <u>Garcia</u>, 610 S.W.2d at 465. Therefore, California and Texas law conflict on this claim.

The next step in the governmental interest test is to assess whether each state has an interest in applying its law. <u>Ledesma</u>, 816 F.2d at 484. If only one state has an interest, than its law governs. <u>Id.</u> If both states have an interest, then the law that governs is that of the state whose interest would be most

---

[6] Plaintiff argues that he was in privity of contract with Krause because he purchased a different Krause ladder prior to the injury, even though the Krause ladder he purchased was not involved in the accident. (Krause Opp'n at 4.) Plaintiff cites no law to support this nonsensical contention.

10

impaired if its law were not applied.  Id.

California has an interest in having its law apply because plaintiff is from California and the case is being tried in California.  Texas has an interest in having its law apply because the events that gave rise to this litigation occurred there.  Therefore, the court finds that both states are interested in having their law govern this claim.

The final step in California's choice of law analysis is determining which state's interest would be more impaired by applying the other state's law.  The court finds that Texas's interest would be more impaired if California law applied than California's would be if Texas law applied because: (1) this breach of warranty claim arises out of a contract that was entered into in Texas between a Texas citizen and a company doing business in Texas; and (2) applying California law would deprive its own citizen of a claim against Krause because plaintiff lacks privity.  Because Krause is not a California corporation, California will suffer no impairment by applying Texas law.  However, Texas's ability to define the extent of liability faced by sellers of consumer products within its borders would be impaired if California law applied.  Because it appears that applying Texas law will further the interests of both states, the court will apply the law of Texas to this claim.

As discussed above, under Texas law, privity of contract is not a required element of a breach of the implied warranty of merchantability claim.  Therefore, the lack of privity does not

11

bar plaintiff's claim.

Krause argues that plaintiff's implied warranty claim still fails because he did not provide Krause with reasonable notice. (Krause Mot. at 9.) Section 2.607(c)(1) of the Texas Business and Commerce Code provides "the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy[.]" The purpose of this statute is "to give the seller an opportunity to inspect the product to determine whether it was defective and to allow the seller an opportunity to cure the breach." Wilcox v. Hillcrest Mem'l Park of Dallas, 696 S.W.2d 423, 424 (Tex. App. 1985). Therefore, if plaintiff failed to give Krause timely notice, his claim cannot proceed.

Plaintiff asserts that he provided timely notice to Home Depot, which constituted constructive notice to Krause because Home Depot has a policy of "forwarding complaints it received to Krause within a few days." (Krause Opp'n at 6.) Plaintiff contends that there is evidence that Krause received timely notice because a Krause representative "came to look at the ladder." (Id.) Finally, at oral argument, plaintiff indicated that Krause, Inc. no longer existed as an entity at the time of the accident. Hence, there was no manufacturer to whom he could give notice.

Whether Krause received timely notice of the breach is a question of fact for the jury. U.S. Tire-Tech, Inc. v. Boeran, 110 S.W.3d 194, 200 (Tex. App. 2003). Plaintiff has provided

12

evidence that plaintiff's counsel notified Paul Junius, the owner of Ladder Management Service, Inc. ("LMS").  (Dove Decl. ¶ 8.) Krause's insurance carrier hired LMS to handle all claims against Krause. (Junius Decl. ¶ 2.)  Although plaintiff fails to state when he notified LMS, Krause does not deny that LMS received notice on or after December 5, 2003.  (Junius Decl. ¶ 6.)  A reasonable jury could conclude that notice in December 2003 was timely, especially since Krause was no longer a going concern at the time of the injury.  As a result, Krause's motion for summary judgment on this claim is DENIED.

IV.

For the reasons stated above, Home Depot's motion is GRANTED.  Krause's motion is GRANTED on the following claims: (1) design/manufacturing defect; (2) failure to warn; (3) negligence; (4) fraud by concealment; (5) fraud by misrepresentation; (6) breach of express warranty; and (7) violation of the Consumer Product Safety Act ("CPSA").  Krause's motion is DENIED on the breach of implied warranty claim.

IT IS SO ORDERED.

Dated: April 11, 2006

/s/ David F. Levi
DAVID F. LEVI
United States District Judge