IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT KURT SCHERER,                    No. Civ.S-04-109 DFL GGH

      Plaintiff,                       O R D E R

   v.

HOME DEPOT U.S.A, INC.; KRAUSE,
INC., and DOES 1-100,

      Defendants.          /
_____

After extensive briefing and oral argument, the court makes
the following rulings on the parties' motions in limine:


Krause's motions


Krause's motion no. 1: DENIED.  Krause has failed to raise
a sufficient issue as to whether the proposed testimony of
Scherer's expert, Joseph D. Balser, Ph.D., is scientifically
flawed or unreliable under F. R. Evid. 702.


Krause's motion no. 2: GRANTED as to testing performed
after December 9, 2005.  The court's order of November 21, 2005

1

states that "the parties must complete all testing and deliver initial expert reports on or before December 7, 2005."  The parties subsequently agreed to extend the December 7 deadline until December 9, 2005.  Nevertheless, Dr. Balser performed additional testing well after that date.  Because this testing was done in violation of the court's order, Dr. Balser may not refer to, describe, or state any opinion based on testing he performed after December 9, 2005.

Krause's motion no. 3: DENIED.  Krause has failed to demonstrate that loading the ladder makes any relevant difference to the data Dr. Balser collected through this test or the purpose of the test.

Krause's motion no. 4: DENIED.  The purpose of this test is to demonstrate that a release under load leaves different marks from an unloaded release.  Krause has failed to show that the ladder was insufficiently loaded to permit a valid test.

Krause's motion no. 5: GRANTED.  See motion no. 2.

Krause's motion no. 6: GRANTED.  See motion no. 2.

Krause's motion no. 7: GRANTED.  See motion no. 2.

Krause's motion no. 8: GRANTED.  See motion no. 2.

Krause's motion no. 9: GRANTED.  It is apparent from watching the video that the precise setup of the ladder may have

a significant effect on its ability to release with a kick.   In particular, the ladder in the video is set up in an "A" configuration with a precise amount of play in the top joint, whereas the injury ladder was in a straight, fully extended configuration when the accident occurred.   It is apparent from the video that unless there is play in the top joint, the release mechanism cannot be triggered by a kick.   Absent a further proffer that the behavior of the ladder depicted in the video is relevant to the issues in this case, the video and any evidence of the test it depicts are excluded.   It is possible that the video could become relevant for impeachment or rebuttal, in which case plaintiff should ask the court for reconsideration on this basis.

Krause's motion no. 10: GRANTED (subject to reconsideration if Krause makes an issue of the timeliness of notice).

Krause's motion no. 11: GRANTED.   Evidence of the recall and the Consumer Product Safety Commission investigation are irrelevant to any remaining claim in this lawsuit.

Krause's motion no. 12: GRANTED.

Krause's motion no. 13: GRANTED.   The Consumer Product Safety Commission draft report of June 23, 1998 is irrelevant to any claim in this lawsuit.   It is also potentially confusing and unfairly prejudicial under F. R. Evid. 403, as it focuses on the coating covering bolts not included in the injury ladder.

Krause's motion no. 14: Ruling deferred subject to Scherer's proffer of the specific identity and circumstances of accidents involving substantially similar failures.  If Scherer seeks to offer evidence of accidents not involving substantially similar failures, he must proffer a declaration explaining their relevance to a specific issue in the case.  Scherer's proffer must be filed by close of business on Tuesday, October 24, 2006. Krause's opposition must be filed by close of business on Thursday, October 26, 2006.

Home Depot's motions

Home Depot's motion no. 1: Ruling deferred subject to Scherer's proffer that Dr. Darnell will testify that (1) the progression of the accident rate for Krause ladders suggests a design defect in the injury ladder; (2) the injury ladder came with inadequate warnings; and (3) Scherer's fall and injuries are consistent with hinge collapse but not slide-out.  Scherer must identify where in Dr. Darnell's expert report each of these opinions was disclosed, as well as precisely what experience or training qualifies Dr. Darnell to offer each opinion.  Scherer's proffer must be filed by close of business on Tuesday, October 24, 2006.  Krause's opposition must be filed by close of business on Thursday, October 26, 2006.

Home Depot's motion no. 2: GRANTED.  Scherer seeks to introduce evidence that Home Depot was negligent in its handling and selling of Krause ladders.  This "negligent retailing" claim was not identified in the parties' joint pre-trial conference

4

statement or the court's pre-trial conference order.  Nor was it identified as a disputed issue of fact.  Therefore, Scherer may not pursue a negligent retailing claim at trial.  Accordingly, evidence of Home Depot's actions before agreeing to sell Krause ladders is irrelevant.

Home Depot's motion no. 3: GRANTED.  The evidence is irrelevant.  See Home Depot's motion no. 2.

Home Depot's motion no. 4: GRANTED.  The evidence is irrelevant.  See Home Depot's motion no. 2.  It is also unfairly prejudicial and must be excluded under F. R. Evid. 403.

Home Depot's motion no. 5: GRANTED.  The evidence is irrelevant.  See Home Depot's motion no. 2.

Home Depot's motion no. 6: GRANTED.  The evidence is irrelevant.  See Home Depot's motion no. 2.

Home Depot's motion no. 7: GRANTED.  The evidence is irrelevant.  See Home Depot's motion no. 2.

Home Depot's motion no. 8: GRANTED.  The evidence is irrelevant.  See Home Depot's motion no. 2.

Home Depot's motion no. 9: GRANTED with respect to evidence of the recall, but DENIED to the extent the motion would prevent Scherer from introducing evidence that the injury ladder came with inadequate warning.

Home Depot's motion no. 10: GRANTED.  Whether Home Depot was on notice of customer injuries is irrelevant to any remaining claim in this lawsuit.  However, the fact that there may have been substantially similar accidents may be relevant to Scherer's failure to warn claim.

Home Depot's motion no. 11: GRANTED.  The evidence is irrelevant.  See Home Depot's motion no. 2.  The evidence is also unfairly prejudicial and must be excluded under F. R. Evid. 403.

Home Depot's motion no. 12: GRANTED.  The evidence is irrelevant.  See Home Depot's motion no. 2.

Home Depot's motion no. 13: DENIED.  This is not a motion in limine but a motion for judgment as a matter of law.  As such, it must be brought at the appropriate time.

Home Depot's motion no. 14: GRANTED.

Home Depot's motion no. 15: DENIED.  See Home Depot's motion no. 13.

Home Depot's motion no. 16: GRANTED.  The evidence is irrelevant.  See Home Depot's motion no. 2.

Home Depot's motion no. 17: DENIED.  Evidence of subsequent remedial measures taken by a non-defendant is admissible.  Pau

v. Yosemite Park and Curry Co., 928 F.2d 880, 887-88 (9th Cir. 1991).   Climbtek is not a defendant in this case.   Moreover, defense counsel conceded at oral argument that Climbtek is not Krause's successor in interest and has not assumed Krause's liabilities.

Home Depot's motion no. 18: Ruling deferred subject to Scherer's proffer of Bunker and Wood's proposed testimony and its relevance to any remaining claim in this lawsuit.   Scherer's proffer must be filed by close of business on Tuesday, October 24, 2006.   Krause's opposition must be filed by close of business on Thursday, October 26, 2006.

Home Depot's motion no. 19: DENIED.   The court is not persuaded that the trial should be bifurcated because of the nature of the plaintiff's injuries.   Moreover, this matter should have been raised by the defendants at the time of the pre-trial conference.   To require plaintiff to re-schedule his witnesses at this late date would be burdensome.

Scherer's motions

Scherer's motion to exclude Dr. Quan's documentary evidence: DENIED.   Scherer has presented no coherent theory as to why this testimony should be excluded.   He has not demonstrated that Dr. Quan's analysis of the accident is scientifically unsound or inadmissible under F. R. Evid. 702.

1    <u>Scherer's motion to exclude expert witness testimony</u>:

2    DENIED as to Dr. Quan and Raymond Merala; GRANTED as to Timothy

3    Sells, who did not submit an expert report as required by Fed.

4    R. Civ. P. 26(a)(2).  The court understands that Scherer does

5    not intend to call Dr. Davis, his new treating physician.

6    Scherer is advised that if he decides to call Dr. Davis, he must

7    comply with the terms of the pretrial order.  He is further

8    advised that should he seek to call Dr. Davis, the court may

9    reconsider its decision not to bifurcate the trial so that

10   defendants may have an opportunity to take Dr. Davis' deposition

11   prior to his testimony.

12

13   <u>Scherer's motion to exclude unproduced documents</u>:  DENIED.

14   Scherer may renew this motion with respect to specific

15   documents, if appropriate.

16

17       IT IS SO ORDERED.

18   Dated:  10/23/2006

19                                      _____
                                        DAVID F. LEVI
20                                      United States District Judge

21

22

23

24

25

26

27

28