1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  ROBERT KURT SCHERER,                    No. Civ. S-04-0109 DFL GGH

12          Plaintiff,                      Memorandum of Opinion
                                                    and Order
13      v.

14  HOME DEPOT U.S.A., INC.,
    KRAUSE, INC., AND DOES 1-100,
15

16          Defendants.          /
    _____

17

         Plaintiff Kurt Scherer moves for a new trial.  Under Fed.
18
    R. Civ. P. 59(a), the court may grant a new trial "for any of
19
    the reasons for which new trials have heretofore been granted in
20

21  actions at law in the courts of the United States."  "If, having

22  given full respect to the jury's findings, the judge on the

23  entire evidence is left with the definite and firm conviction
24
    that a mistake has been committed, it is to be expected that he
25
    will grant a new trial."  Landes Const. Co., Inc. v. Royal Bank
26

27  of Canada, 833 F.2d 1365, 1371-72 (9th Cir. 1987).

28

                                    1

Plaintiff's rambling sixteen-page motion, which contains not a single citation to authority, is largely devoted to complaining about the court's prior evidentiary and procedural rulings, but it provides no reasoned basis for reconsidering those rulings.[1]   Despite being given multiple opportunities to make an adequate proffer, plaintiff failed to make a coherent proffer let alone carry his burden of demonstrating that any other ladder collapse case was substantially similar, and thus relevant, to this one.

Notably absent from plaintiff's motion is any argument that, based on the evidence presented at trial, the jury should have reached a different verdict.  Far from being against the clear weight of the evidence, the jury's verdict in this case was reasonable and sound.  Plaintiff failed to prove that the

---

[1]   Plaintiff also makes the novel suggestion that the jury committed misconduct by considering alternative explanations for Mr. Scherer's accident.  Scherer submits a declaration from juror Steven C. Ziegler stating, among other things, that "[d]uring our deliberations we considered something else caused the accident, such as Mr. Scherer having accessed the roof and missed a step when descending."  Decl. of Steven C. Ziegler ¶ 5. Scherer implies that it was improper for the jury to have considered possible accident scenarios other than hinge collapse and slide out.

Plaintiff apparently fails to grasp that he bore the burden of proof at trial.  Defendants did not have the burden of proving that the ladder slid out; rather, plaintiff had the burden of proving that it collapsed.  It was entirely appropriate for the jury to consider whether there might be other possible explanations for the accident in the process of

1   ladder collapsed.   In fact, evidence presented by plaintiff

2   himself seriously undermined the collapse theory.   One factual

3   issue in the case was the disagreement among the experts as to

4   whether a multimatic ladder could collapse under load – that is,

5   with the weight of a person pressing on the hinges.   Plaintiff

6   took the risk of attempting a live demonstration of ladder

7   collapse.   Defendants objected to the demonstration on the

8   ground that it was tantamount to a further experiment that

9   should have been undertaken during the discovery process.

10  Plaintiff strenuously argued that his case would be severely

11  injured unless he could show the jury that a multimatic ladder

12  could collapse under loaded conditions.   Plaintiff was all too

13  correct.   The court permitted the demonstration. But though his

14  engineering expert bounced up and down on the ladder while the

15  attorney pulled on the release lever with all of her might and

16  main, trying to make a loaded ladder collapse for the jury, the

17  hinges doggedly held.   Many trials have a single dramatic moment

18  on which an entire case may crumble and fall.   This was just

19  such a moment.

20      Based on the evidence, judgment for defendants was a

21  reasonable verdict – perhaps the only reasonable verdict – for

deciding whether plaintiff's explanation was supported by a
preponderance of the evidence.

the jury to reach.   Plaintiff's motion for a new trial is

DENIED.

     IT IS SO ORDERED.

Dated:   April 9, 2007


                                        /s/ David F. Levi_____
                                        DAVID F. LEVI
                                        United States District Judge