IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT KURT SCHERER,                          No. Civ. S-04-0109 DFL GGH

      Plaintiff,                          <u>Memorandum of Opinion
                                                       and Order</u>

  v.

HOME DEPOT U.S.A., INC.,
KRAUSE, INC., AND DOES 1-100,

      <u>Defendants.             </u>/

      Prevailing defendants Home Depot and Krause have submitted bills of costs following their successful defense of this action before a jury. "[C]osts other than attorneys' fees shall be allowed as of course to the prevailing party." Fed. R. Civ. P. 54(d)(1). Local Rule 54-292(b) provides that a bill of costs "shall itemize the costs claimed and shall be supported by a memorandum of costs and an affidavit of counsel that the costs claimed are allowable by law, are correctly stated, and were necessarily incurred." Prevailing defendants Krause and Home Depot request costs of $22,621.01 and $14,449.75, respectively,

and they have filed the required memoranda and declarations. Given the length of trial and the nature of the issues, the total costs claimed are quite modest.

Plaintiff makes no argument that defendants are not generally entitled to recover their costs, but he objects to the reasonableness or appropriateness of some of the cost items detailed in defendants' supporting declarations. Plaintiff cites no legal authority to support any of his objections.

A.  <u>Objections to Krause's Costs</u>

*Copying Charges:*

Plaintiff objects to photocopying charges because "he is unable to determine whether these costs were necessary to the defense of the case." A prevailing party may recover necessary copying costs. 28 U.S.C. § 1920(4); LR 54-292(f)(5). Krause's attorney, Ron Haven, has submitted a declaration setting out the various copying charges incurred and averring that "each cost . . . has been necessarily incurred in this matter and the services for which the following fees have been charged were actually and necessarily performed." Haven Decl. (doc # 339-4) ¶ 4. Plaintiff's speculative suggestion that the expense listed in Item E "seem[s] unlikely" is inadequate reason to question an attorney's sworn statement that it was necessarily incurred when the costs themselves are reasonable on their face.

*Photography Charges:*

2

Plaintiff objects to certain claimed photography charges. The costs of preparing photographs are allowable under § 1920. Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, <u>Federal Practice and Procedure</u> § 2677.  Nevertheless, plaintiff objects to the following photographic and other document-related costs listed in Ron Haven's declaration:

K, L, R, U, EE, GG, LL, MM, PP, QQ, RR, TT, UU, VV, WW: Plaintiff states that he is unaware of why the items were reproduced and/or speculates that the costs involved were unnecessary.  Plaintiff's objections rest on an implicit demand for greater detail about each cost item than the local rules require Krause to provide.

W, Y: Plaintiff asserts that "there should not be a charge for scanning and e mailing [sic] documents."  The charges at issue are for $31.57 and $55.09.  Plaintiff provides no authority for the proposition that the costs of electronic document production are not recoverable.

S, XX: Plaintiff asserts that these costs – $141.43 to print the contents of a CD and $3,840 to produce Dr. Quan's trial exhibit boards – are excessive.  Plaintiff's objection to the $141.43 printing charges is without merit.  Although the $3,840 charge is high, Dr. Quan's testimony was central to the defense and preparation of trial exhibit boards of several thousand dollars was a reasonable method of illustrating his

testimony. Indeed, one can imagine that more expensive animations might have been prepared.

*Depositions:*

Plaintiff objects to various deposition-related charges detailed in Ron Haven's declaration in support of reimbursement for deposition fees (doc # 339-2), as follows:

8(A): $112.55 for documenting the nonappearance of Lindley Manning at his deposition.

8(B): $100.80 for documenting nonappearance of Russell Darnell at his deposition.

8(C): $4,950.42 for transcripts of Dr. Darnell's deposition

8(D): transcript and witness fees for Thomas Sartoris' deposition.

8(E): costs associated with the second day of Dr. Balser's deposition.

Plaintiff's objections to these cost items are not persuasive.

Accordingly, the court GRANTS Krause $22,621 in costs as requested.

B.  Objections to Home Depot's Costs

*Clerk's Fees:*

Plaintiff objects to paying $180.00 for Sherry Rasmus's *pro hac vice* application. *Pro hac vice* fees may be recoverable as

costs. <u>Davis v. Puritan-Bennett Corp.</u>, 923 F.Supp. 179, 181 (D. Kan. 1996).

*Docket Fees:*

Plaintiff objects to unspecified docket fees. It is unclear which cost items this objection refers to. At any rate, docket fees are recoverable under § 1920(5).

*Exemplification and Copying Charges:*

Plaintiff objects to various copying charges on grounds that he does not know exactly what was copied and that "[i]t was defendant's choice to enlarge and make boards of ordinary documents; this should not be plaintiff's burden herein." As discussed above, copying charges are recoverable, and Home Depot has complied with LR 54-292.

*Deposition Transcripts:*

Plaintiff objects to paying costs associated with the second, third and fourth days of Dr. Darnell's deposition. He asserts that the deposition took so long because Home Depot's attorney was unprepared. Home Depot counters that the deposition was extended because Dr. Darnell was unprepared. Plaintiff's submission does not persuade the court that the multi-day deposition was the result of abusive discovery tactics by defendant. This cost shall be awarded in full.

*Service of Process:*

Plaintiff objects to paying costs associated with serving members of his family because "each of them would have been willing to sit for a deposition without a subpoena or have allowed Plaintiff's counsel to accept service on their behalf." Home Depot responds that plaintiff never volunteered to make these witnesses available, and that one member of plaintiff's family failed to attend her deposition despite being subpoenaed. Home Depot's decision to subpoena these witnesses was reasonable.

Plaintiff's objections to Home Depot's costs are not persuasive.  Home Depot seeks a total of $14,449.75, which is a reasonable sum given the length and complexity of the trial. Based on the sworn declarations of Home Depot's counsel, the court is satisfied that each of the costs Home Depot requests was necessarily incurred.  Accordingly, the court GRANTS Home Depot costs in the amount of $14,449.75.

IT IS SO ORDERED.

Dated:  April 9, 2007

/s/ David F. Levi_____
DAVID F. LEVI
United States District Judge

6